# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Eugene Scalia,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>        Plaintiff,<br>       v.<br><br>Unforgettable Coatings, Inc., a Nevada Corporation; Unforgettable Coatings of Idaho, LLC, dba Unforgettable Coatings, a Nevada Limited Liability Company; Unforgettable Coatings of Arizona, LLC, dba Unforgettable Coatings, an Arizona Limited Liability Company; Unforgettable Coatings of Utah, Inc., dba Unforgettable Coatings, a Utah Corporation; Shaun McMurray, an individual; Shane Sandall, an individual; Cory Summerhayes, an individual;<br><br>        Defendants. | Case No. 2:20-cv-00510<br><br>TEMPORARY RESTRAINING ORDER |

This matter came before the Court on the application of the United States Secretary of Labor for a temporary restraining order under Federal Rule of Civil Procedure 65 and Section 17 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 217, and an order for Defendants to show cause why a preliminary injunction should not issue enjoining them from violating the investigative and anti-retaliation provisions of the FLSA, 29 U.S.C.§§ 211(a), 215(a)(3).

The Secretary presented evidence that Defendants engaged in retaliatory conduct that they knew or should have known was likely to intimidate, improperly influence, and/or threaten employees in violation of Sections 11 and 15(a)(3) of the FLSA.

Defendants have violated and are likely to continue violating Sections 11(a) and 15(a)(3) of the FLSA. Further, if Defendants' conduct is not immediately rectified, Defendants' vulnerable employees, the Secretary, and the public will be irreparably harmed.

The Secretary has presented evidence in support of the temporary restraining order and has shown that good cause exists for issuing a TRO. Thus, the Court **GRANTS** the application for a temporary restraining order as follows:

1. Defendants, their agents, and their attorneys shall not retaliate or discriminate in any way against any current or former employees of the Defendants at issue in this litigation, or any potential witness in this litigation;

2. Defendants shall not terminate any workers without first giving the employee and the Secretary of Labor notice as to who is being fired and why;

3. Defendants are ordered to provide the Secretary a contact list as of March 2020 and a list of employees terminated in 2020;

4. Defendants are enjoined from forcing workers to take a 30% pay cut in wages, as opposed to hours;

5. Defendants shall disclose the method of computing bonuses and their actual computation to each employee with their paycheck; the employees shall also have the right to inspect Defendants' production records and payroll records;

6. Defendants shall send the Exhibit A – Notice attached to the memorandum of points and authorities to all workers forthwith;

7. Defendants are enjoined from instructing employees not to speak to representatives of the DOL or to provide false information to the DOL regarding the terms and conditions of their employment; this includes instructing them to say that they signed contracts to be minimum wage workers;

8. Defendants shall comply with the FLSA;

9. Defendants are ordered to show cause why a preliminary injunction should not issue enjoining and restraining Defendants from violating Sections 11(a) and 15(a)(3) of the FLSA; and

10. IT IS ORDERED that opposition to motion for preliminary injunction is due Tuesday, April 14, 2020 at 5:00 p.m., Replies are due Thursday, April 16, 2020 at noon.

11. IT IS FURTHER ORDERED the parties shall appear telephonically at 9:00 a.m. on April 17, 2020, before the Honorable Kent J. Dawson, for a hearing to show cause why a preliminary injunction should not be issued by dialing telephone no: (888) 398-2342: Access Code: 5889655 five (5) minutes prior to the hearing. Please remain on the line until such a time as the Court joins the call and convenes the proceedings. The call must be made on a land line. The use of a cell phone or speaker phone during the proceedings is prohibited. Counsel should identify themselves for the record before addressing the court.

IT IS SO ORDERED.

Dated: __April 8__, 2020

_____
THE HON. KENT DAWSON UNITED STATES DISTRICT JUDGE