UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>UNFORGETTABLE COATINGS, INC., et al.,<br><br>Defendants. | Case No. 2:20-cv-00510-KJD-DJA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION** |

Before the Court is Defendants' Motion to Dissolve Preliminary Injunction (ECF #37). Plaintiff responded in opposition (ECF #41) and Defendants replied (ECF #43). Defendants also filed a Motion for Leave to File a Supplement in Support of Defendants' Motion to Dissolve (ECF #58).

I.  Factual and Procedural Background

In the early stages of this action, the Court granted Plaintiff's motion for a preliminary injunction. (ECF #22). The preliminary injunction included certain prohibitions and requirements that Defendants were to follow. Id. at 7–8. The injunction prohibited Defendants from retaliating or discriminating against any of their employees who might participate in the litigation, from telling their employees not to talk to Department of Labor ("DOL") representatives, from terminating or taking adverse action against employees without providing the DOL and the worker notice of the non-retaliatory business justification for the change, and from implementing any adverse employment actions that had been previously announced. Id. The injunction also required Defendants to send their employees a statement clarifying that no employees had been terminated, to post DOL rules in the workplace, to provide the DOL with access to its time and payroll records, and to comply with the Fair Labor Standards Act ("FLSA"). Id.

Defendants' motion argues that the entire preliminary injunction is overly broad but highlights two specific portions: 1) prohibiting Defendants from "implementing any and all adverse actions announced since March 12, 2020, including denial of work opportunities, terminations, or the 30% wage cut previously announced by Defendants;" and 2) "from terminating or taking any adverse action against its employees . . . without providing the Secretary of Labor and the workers five days' written notice as to the non-retaliatory business justification." (ECF #37, at 9). Defendants argue that these terms are overly broad, inequitable, and limit their ability to respond to changing financial circumstances. Id. Defendants argue that they should not be forced to keep employees on the payroll during an economic crisis when they have no work for the employees. Id. at 10. Additionally, Defendants have now changed their pay system to satisfy FLSA requirements and argue that this change renders the preliminary injunction unnecessary. (ECF #58-1, at 9). Defendants also argue that newly discovered facts demonstrate that Plaintiff's purpose for seeking the preliminary injunction was flawed and that Plaintiff is no longer able to show a likelihood of prevailing on the merits. Id. at 9–11.

Plaintiff opposes dissolving the preliminary injunction, arguing that there has not been a significant change in circumstances resulting in inequity. (ECF #41, at 2). Plaintiff also argues that Defendants are not struggling financially as much as they claim because they recently received forgivable PPP loans and have hired new employees since the injunction was granted. Id. Plaintiff also argues that Defendants' motion to dissolve is merely an untimely motion for reconsideration and an attempt to relitigate the same arguments made at the preliminary injunction hearing. Id. at 4–5.

II.  Legal Standard

District judges "always ha[ve] the power to modify or to overturn an interlocutory order or decision while it remains interlocutory." Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005). While motions for consideration are subject to Rule 59(e)'s time limit, "there is no time limit on a motion to vacate or dissolve a preliminary injunction." Id. "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." Sharp

v. Weston, 233 F.3d 1166, 1170 (9th Cir. 2000). District courts must also determine from a motion's "substance and not from its form whether we should treat [the] motion as a motion for reconsideration under Fed.R.Civ.P. 59(e) or a motion to modify a preliminary injunction under Fed.R.Civ.P. 62(c)." Grunwald, 400 F.3d at 1124 (quoting Ortho Pharm. Corp. v. Amgen, Inc., 887 F,.2d 460, 463 (3d Cir. 1989)). Therefore, a motion "that merely seeks to relitigate the issues underlying the original preliminary injunction order is subject to Rule 59(e)'s [time] limit, while a motion that in substance is based on new circumstances that have arisen after the district court granted the injunction may be filed at any time before entry of a final judgment." Id.

### III.   Analysis

The substance of Defendants' motion shows that it is a motion to dissolve and not merely an untimely motion for reconsideration. While Defendants may have included some arguments that were made previously, they have also provided new evidence that was not available at that time. As such, the Court will not deny the motion as untimely because motions to dissolve an injunction may be filed any time before entry of a final judgment. Grunwald, 400 F.3d at 1124. However, the Court rejects Defendants' argument that because they changed their pay system the injunction should be lifted. That change can be viewed as evidence that the injunction is working, and the parties are working together to find an acceptable pay system solution. The court will not dissolve the injunction and give Defendants unimpeded power to make other changes to the system prior to a judgment.

Nevertheless, the Court is sympathetic to the struggles businesses face due to the COVID-19 pandemic and subsequent economic downturn. As such, the Court will slightly amend the preliminary injunction to give Defendants the ability to manage their business. Plaintiff's argument that Defendants' business is not struggling is unpersuasive because Defendants have shown that the companies all together are generating more than 33% less revenue than they were before COVID-19. Plaintiff seems to look only at one location and a pre-COVID-19 newspaper article for its determination that Defendants' businesses are not struggling. However, Plaintiff pleaded that Defendants are an enterprise and all their business dealings should be viewed together. As such, the entirety of Defendants' business will be viewed

here, not just one location.

The original language of the preliminary injunction will remain, with the following amendment to paragraph 5: Defendants are enjoined from implementing any and all adverse actions announced since March 12, 2020, including any denial of work opportunities, terminations, or the 30% wage cut previously announced by Defendants <u>without providing the Secretary of Labor and the worker five days' written notice as to the non-retaliatory or discriminatory business justification for the adverse action.</u> (emphasis added to modified language).

The Court is confident that this modification will allow Defendants to make the business decisions necessary to adapt to economic conditions while still maintaining the status quo prior to judicial resolution and abiding by the FLSA.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dissolve Preliminary Injunction (#37) is **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Supplement (ECF #58) is **DENIED**.

Dated this 31st day of March, 2021.

_____
Kent J. Dawson
United States District Judge