**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | Case No. 2:20-cv-00510-KJD-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| UNFORGETTABLE COATINGS, INC. et al., | |
| Defendants. | |

This is an action arising out of Defendants' alleged violations of the Fair Labor Standards Act (FLSA). The Secretary of Labor sues Defendants for damages, injunctive relief, and costs, claiming that Defendants violated the FLSA's overtime regulations and retaliated against employees to prevent them from cooperating with the Secretary's investigation. The Secretary filed two motions to compel (ECF Nos. 62 and 76), arguing that Defendants are withholding information they already agreed to produce by demanding that the Secretary first sign a protective order. Defendants Unforgettable Coatings, Inc.; Unforgettable Coatings of Idaho, LLC; Unforgettable Coatings of Arizona, LLC; Shaun McMurray; Shane Sandall; Cory Summerhays; and Galia Carrejo  filed a motion to quash the Secretary's subpoenas to its accountants, Todd Newman and Frost Dana Newman, CPAs LLP (the "Newman CPAs") (ECF No. 67) and a motion for a protective order (ECF No. 75) arguing that it is entitled to a protective order before Defendants or the Newman CPAs respond to the Secretary's discovery requests.

Because the Court finds that the Secretary is entitled to the information he seeks—both through his document requests and subpoenas—it grants the Secretary's motions to compel (ECF Nos. 62 and 76) and denies Defendants' motion to quash (ECF No. 67). Because the Court finds that Defendants have not shown the need for a protective order over the information they have and will produce, and that the Newman CPAs will produce, the Court denies Defendants' motion for a

1    protective order (ECF No. 75).  The Court finds these matters properly resolved without a hearing.

2    LR 78-1.

3    **I.      Background.**

4           The Secretary began investigating Defendants' wage and employment practices in 2013.

5    After filing his complaint, the Secretary served his first set of requests for production on

6    Defendants.  Defendants timely produced some responsive documents, after which the Secretary

7    requested a meet and confer.  During the meet and confer process the parties agreed on search terms

8    for electronically stored information ("ESI") to generate more documents responsive to the

9    Secretary's requests.  Defendants then sent their data to an ESI vendor to be searched.

10          During this process, Defendants requested a protective order covering documents that

11   Defendants had already produced and anticipated producing.[1]  The Secretary objected to the

12   protective order, and subsequent revisions, on multiple occasions.  Defendants now argue that they

13   will not produce the agreed-upon ESI, or allow the Newman CPAs to respond to subpoenas without

14   a protective order in place.  Both sides request attorneys' fees and costs in their motions and assert

15   that the other side failed to meaningfully participate in the meet and confer process.

16          ***A.      The Secretary's motion to compel (ECF No. 62).***

17          After not receiving the ESI to which the parties had agreed, the Secretary filed a motion to

18   compel.  He argues that Defendants should produce all ESI—including text messages—without a

19   protective order which would give Defendants the ability to retroactively claw back information

20   they deem privileged.  In response, Defendants argue that the parties never addressed text messages,

21   only emails, when determining search terms.  The Secretary replies that text messages were

22   included in the definition of "communications" in his requests for production; the same requests

23   for production for which Defendants agreed to produce ESI under stipulated search terms.

24

25

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [1] Defendants also sought a protective order memorializing the protections under Federal Rule of
28   Evidence 502(d), but eventually conceded that the scheduling order encompassed those protections.

1          **B.     *Defendants' motion to quash (ECF No. 67).***

2              After the Secretary filed his motion to compel, Defendants filed a motion to quash the

3     Secretary's subpoenas to the Newman CPAs.   The subpoenas request: (1) documents and

4     communications relating to processing payroll; (2) communications between the accountants and

5     Defendants which contain the terms "experience multiplier," "EM," "E.M.," "tenure multiplier,"

6     "TM," or "T.M."; (3) documents related to Defendants containing the terms "experience

7     multiplier," "EM," "E.M.," "tenure multiplier," "TM," or "T.M."; (4) documents containing hourly

8     wage rates for Defendants' employees during the relevant time period; (5) contracts between the

9     accountants and Defendants which cover the relevant time period; and (6) documents concerning

10    payroll that the accountants processed for Defendants.   Defendants argue that these requests are

11    overbroad and violate Nevada's accountant-client privilege.   The Newman CPAs objected on the

12    same grounds.   The Secretary responds that Defendants lack standing to assert the Newman CPAs'

13    objections and argue that the information requested is vital to his claim.   Defendants respond that

14    due to privacy concerns over the information and "Plaintiff's active resistance to entry of a

15    stipulated protective order in this case, quashing Plaintiff's subpoena is warranted."

16          **C.     *Defendants' motion for a protective order (ECF No. 75).***

17              Defendants eventually moved for the Court to enter their proposed protective order, arguing

18    that good cause exists to warrant it, partly because a non-party has been using information in "public

19    filings" to make accusations against Defendant Cory Summerhays.   Defendants argue that the

20    public is not entitled to access to "something like a general ledger, which lists every minute business

21    transaction, where it is a near certainty that this information will be subject to public misuse and

22    has nothing to do with Plaintiff's claims."   The Secretary objected, arguing: (1) Defendants did not

23    seek the protective order in a timely fashion, having already produced numerous documents without

24    one; (2) Defendants have improperly held their production hostage over the protective order; (3) the

25    order would improperly allow Defendants to unilaterally decide what is confidential; (4) the order

26    would put the burden of challenging confidential designations onto public resources; (5) the order

27    would prevent public access to court proceedings; (6) the order would prevent the Secretary from

28    using the information for other purposes like future enforcement actions or providing the

1  information to other law enforcement agencies; and (7) that the Secretary is already prevented from
2  disclosing the items Defendants seek to protect—such as ledgers, tax returns, financial statement,
3  and banking records—under the Freedom of Information Act ("FOIA").  Defendants respond that
4  they do not seek to withhold information through their protective order, but to prevent the public
5  dissemination of sensitive business and financial information.

6          **D.      The Secretary's second motion to compel (ECF No. 76).**

7          In his second motion to compel, the Secretary reiterates his objections to the protective
8  order and adds that Defendants withheld additional productions of their general ledgers and
9  disciplinary records on the condition that the Secretary sign the protective order.  Defendants argue
10  in response that the Secretary could have raised this issue in response to Defendants' motion for a
11  protective order.  Defendants add that their disciplinary records are irrelevant to the action.

12  **II.    Discussion.**

13          **A.      The Court grants the Secretary's motions to compel.**

14          The Court grants Secretary's motions to compel because Defendants have not met their
15  burden of detailing why his requests are objectionable.  If a party resists discovery, the requesting
16  party may file a motion to compel.  *See* Fed. R. Civ. P. 37(a)(1).  The motion must include a
17  threshold showing that the requested information falls within the scope of discovery under Rule 26.
18  *Sanhueza v. Lincoln Technical Institue, Inc*., No. 2:13-cv-2251-JAD-VCF, 2014 WL 6485797, at
19  *2 (D. Nev. Nov. 18, 2014) (citing *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir. 1992)).
20  "The party opposing discovery has the burden of showing that the discovery is irrelevant, overly
21  broad, or unduly burdensome." *Fosbre v. Las Vegas Sands Corp*., No. 2:10-cv-00765-APG-GWF,
22  2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016) (citing *Graham v. Casey's General Stores*, 206 F.R.D.
23  251, 253–4 (S.D. Ind. 2000)).  To meet this burden, the objecting party must specifically detail the
24  reasons why each request is objectionable.  *See id.* (citations omitted).

25          Here, Defendants have not met their burden of explaining why the Secretary's requests are
26  objectionable.  Defendants are resisting discovery, but on the limited grounds that the information
27  Plaintiff seeks should be covered by a protective order.  Defendants largely do not dispute that the

28

information Plaintiff seeks is within the scope of discovery.  Rather, they concede that the parties agreed to search terms for Defendants' ESI and that they would produce general ledgers under a protective order.

The only items that Defendants' dispute being within the scope of discovery are text messages and disciplinary records.  Yet the Court is unconvinced by Defendants' arguments that they did not realize that text messages would be considered "communications" responsive to the Secretary's requests for production.  Defendants even produced a handful of texts in response to the Secretary's requests before the parties agreed to search terms.  Defendants also do not make a convincing argument that text messages are outside the scope of discovery by being irrelevant, overly broad, or unduly burdensome.  After all, Defendants have already employed an ESI vendor which is likely capable of gathering phone data and applying the already agreed upon search terms to that data.

The Court is also not persuaded that Defendants' disciplinary records are irrelevant.  The Secretary has asserted that Defendants retaliated against employees that cooperated with the investigation.  And while Defendants assert that the Secretary already has payroll and time record data, they make no mention of disciplinary records.  Because Defendants have not shown that the information the Secretary requests is objectionable, irrelevant, overly broad, or unduly burdensome, the Court grants the Secretary's motions to compel.

### B.    *The Court denies Defendants' motion to quash.*

1.    Defendants have standing to object to the Secretary's subpoenas.

Defendants have standing to object to the Secretary's subpoenas to their accountants.  A party lacks standing under Rule 45 to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena.  *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, No. 2:04-cv-01199-DAE-GWF, 2007 WL 119148, at \*4 (D. Nev. Jan. 9, 2007).  There is no accountant-client privilege under federal law, however, and Nevada's accountant-client privilege does not apply to pure FLSA claims.  *See Acosta v. Wellfleet Communications, LLC*, No. 2:16-cv-02353-GMN-GWF, 2017 WL 5180425 at \*3-7 (D. Nev. Nov. 8, 2017) (citing *Couch v. United States*, 409 U.S. 322, 335 (1973)).  A party

Case 2:20-cv-00510-KJD-DJA   Document 84   Filed 08/09/21   Page 6 of 10


1  has no standing to move to quash a subpoena on the ground that it is unduly burdensome when the

2  non-party has not objected on that basis. *See Acosta*, 2017 WL 5180425 at \*5.

3        Here, Defendants have established standing to object to the Secretary's subpoenas.

4  Defendants cannot assert the accountant-client privilege to protect these documents because the

5  Secretary has only asserted FLSA claims. Defendants have, however, asserted a personal right.

6  The Secretary has requested documents showing Defendants' payroll and wage calculations,

7  communications between the Newman CPAs and Defendants, and contracts between the Newman

8  CPAs and Defendants. Defendants have a personal right in these documents, created and held by

9  the Newman CPAs on their behalf. And the Newman CPAs have objected on the same grounds,

10  albeit at Defendants' request. Defendants thus have standing to object.

11        2.    <u>The Secretary's requests are within the scope of discovery.</u>

12        Although Defendants have standing to object, the Secretary's subpoena requests are

13  properly within the scope of discovery. The party filing the motion to quash bears the burden of

14  showing the discovery is overly broad and unduly burdensome or not relevant. *Painters Joint*

15  *Committee v. Employee Painters Trust Health & Welfare Fund*, No. 2:10-cv-01385-JCM-PAL,

16  2011 WL 4573349, at \*5 (D. Nev. Sept. 29, 2011) (compiling cases). The scope of discovery under

17  a subpoena issued under Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1).

18  *See id.* Under Rule 26(b)(1), parties are entitled to discover non-privileged information that is

19  relevant to any party's claim or defense and that is proportional to the needs of the case. Fed. R.

20  Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to

21  be discoverable. Fed. R. Civ. P. 26(b)(1).

22        Here, the Secretary's subpoena requests are within the scope of discovery. As a preliminary

23  matter, Defendants do not develop their arguments that the requests are irrelevant. The Defendants

24  do argue that the requests are overly broad and unduly burdensome, but the Secretary has included

25  specific search terms, examples of the information he seeks, and timeframes in his requests to the

26  Newman CPAs. While the Secretary's first and sixth requests lack timeframes, the Secretary has

27  suggested limiting those requests from 2010 to the present to capture documents from the beginning

28  of the time the Defendants began using the Newman CPAs' services.

Crucially, the items that the Secretary seeks are discoverable at this stage, regardless of whether they are admissible later. The Secretary alleges that Defendants have created an artificial pay rate and bonus scheme. The Secretary's questions asking for documents and communications related to Defendants' payroll and wage calculations—from the accountants that calculated and processed those figures—are directly related to those allegations. The Court thus denies Defendants' motion to quash with the exception that the Secretary must limit his first and sixth requests to items from 2010 to the present.

### C.    The Court denies Defendants' motion for protective order.

The Court denies Defendants' motion for a protective order because they have not shown that their private interests outweigh the public's interests. "Generally, the public can gain access to litigation documents and information produced during discovery…" *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). The court may issue a protective order that "a trade secret or other confidential research, development, or commercial information" be revealed only in a specified way upon a showing of good cause. *See* Fed. R. Civ. P. 26(c)(1); 26(c)(1)(G). The party seeking a protective order "bears the burden of showing, for each particular document it seeks to protect, that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id.* (citing *Beckman Indus., Inc. v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). If the court finds particularized harm will result from disclosure of information to the public, it "balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211.

*Secretary of Labor v. Valley Wide Plastering Construction, Inc.* stands for the proposition that protective orders in FLSA cases must be narrowly tailored. *See Secretary of Labor v. Valley Wide Plastering Construction, Inc.*, No. CV-18-04756-PHX-GMS, 2020 WL 5439463, at *3-4 (D. Ariz. Sept. 10, 2020). There, during the Secretary's investigation of the defendants for FLSA violations, the defendants provided copies of their general ledgers. *See id.* at *1. When the Secretary requested additional documents in discovery, the defendants moved for a protective

order.  *See id.*  Through that order, the defendants sought to protect their "confidential commercial and financial information from being disclosed to the public at large" and to prevent the Secretary "from using the general ledger for purposes other than this litigation."  *See id.* at *1-2.  The court noted that,

> In their definition of "confidential information," Defendants include not only their current general ledger but also their past ledgers, as well as "information from the general ledgers disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom."
>
> *Id.*

The court denied the defendants' motion for a protective order for five reasons.  *See id.* at *2-3.  First, the protective order would improperly apply to information already provided by the defendants for which they did not seek a protective order.  *See id.*  Second, the definition of confidential information was overly broad and would encompass everything in the general ledger— including any data, summaries, compilations, depositions, testimony, and transcripts derived from it—as confidential.  *See id.*  The court found this broad definition unworkable in light of the Secretary's assertion that defendants had mischaracterized its ledger entries to conceal wage payments to employees.  *See id.*  Third, the court found that the entries would be a central part of the government's case, which should be accessible to the public as a matter of significant public concern.  *See id.*  Fourth, the court found that the order would impermissibly shift the practical cost of maintaining confidentiality on the government.  *See id.*  Finally, the court found that the order would unreasonably restrict the Secretary from sharing the ledger with other law enforcement agencies or in future cases.  *See id.*

Here, Defendants have not demonstrated good cause sufficient to overcome the public's right of access to litigation documents.  Defendants' arguments are not particularized to each document.  Nor do they specify specific examples of harm outside of a broad statement that an unidentified third party has been using unidentified "public filings" to make accusations against

Defendant Cory Summerhays.  However, even if the Court did find particularized harm, the public interests outweigh the Defendants' private interests.

Moreover, Defendants' proposed protective order is not narrowly tailored.  *Valley Wide* is almost factually identical and thus persuasive here.  Just like the defendants in *Valley Wide*, here, Defendants moved for a protective order when faced with a request for production for information similar to that which the Defendants already produced.  Also like the *Valley Wide* defendants, Defendants seek to protect their commercial and financial information, including their general ledgers, from the public and from the Secretary's use in future litigation.  And just as the *Valley Wide* defendants sought to retroactively protect their disclosures and any information, testimony, transcripts, and data derived from those past disclosures, Defendants seek to do the same.

The *Valley Wide* court's five reasons for denying the defendants protective order also apply here.  First, Defendants' proposed protective order would apply to information they already produced without one.  Second, even more so than the defendants' definition of "confidential information" in *Valley Wide*—which covered everything in the general ledger and the information derived from it—here Defendants' definition of confidential information would encompass anything the Defendants deem "confidential," along with anything derived from those unilateral designations.  This definition is unworkable here, even more so than in *Valley Wide*, because it could encompass anything directly related to the Secretary's claims.  Third, the documents the Secretary seeks—including Defendants' general ledgers—are central to his case.  Indeed, the Secretary cannot determine how Defendants calculated wages without them.  These items should be accessible to the public as a matter of public concern.  Fourth, should Defendants be able to unilaterally deem items "confidential" and seal them, the burden will be on the government to challenge those designations.  Finally, the order would unreasonably restrict the Secretary from sharing the information it gathers with other law enforcement agencies or to use it in future cases. Because Defendants do not overcome these concerns with specific and particularized allegations of harm, the Court denies their motion for a protective order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ORDER

**IT IS THEREFORE ORDERED** the Secretary's motions to compel (ECF Nos. 62 and 76) are **granted**.

**IT IS FURTHER ORDERED** that Defendants' motion to quash (ECF No. 67) is **denied**.

**IT IS FURTHER ORDERED** that request numbers one and six in the Secretary's subpoenas to the Newman CPAs be limited from 2010 to the present.

**IT IS FURTHER ORDERED** that Defendants' motion for a protective order (ECF No. 75) is **denied**.

DATED: August 9, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE