# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Martin J. Wash, Secretary of Labor, United States Department of Labor | Case No. 2:20-cv-00510-KJD-DJA |
| Plaintiff, | **Order** |
| v. | |
| Unforgettable Coating, Inc., et al., | |
| Defendants. | |

Before the Court is Defendants' emergency motion for a protective order. (ECF No. 97). Plaintiff filed a response. (ECF No. 98). The parties have also filed a stipulation to extend discovery deadlines. (ECF No. 96). Because the Court is unable to decide the issues on the briefing before it, it grants the emergency motion in part. Because the Court finds good cause, it grants the stipulation to extend discovery deadlines. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

After defending what they assert was an oppressive deposition replete with irrelevant and repetitive questions on October 27, 2021, Defendants filed a motion for a protective order before the next day's deposition. (ECF No. 97). Defendants ask that the depositions scheduled for October 28th, November 1st – 5th, and November 17th be vacated and stayed while the parties brief the protective order issue. *See id.* Defendants suggest the below expedited briefing schedule:

| | |
|---|---|
| Defendants' motion | Friday, November 5, 2021 |
| Plaintiff's response | Wednesday, November 10, 2021 |
| Defendants' reply | Friday, November 12, 2021 |

The deposition scheduled for October 28, 2021 went forward as scheduled.

      Plaintiff responds that Defendants have mischaracterized the depositions that the parties have completed so far.  (ECF No. 98).  He asserts that Defendants' have provided no case law to support cancelling a deposition on the day it is scheduled for "repeated" and "irrelevant" questioning.  *See id.*  Plaintiff argues that sanctions are appropriate for Defendants' conduct.  *See id.*

## II.    Discussion.

### *A.    The Court grants Defendants' emergency motion in part.*

      "Discovery is supposed to proceed with minimal involvement of the Court."  *FDIC v. 26 Flamingo, LLC*, No. 2:11-cv-01936-JCM-NJK, 2013 WL 3975006, at *8 (D. Nev. Aug. 1, 2013). Under Local Rule 26-2, discovery motions will not be considered unless the movant has made a good faith effort to meet and confer before filing the motion and has submitted a declaration setting out the details and results of the meet and confer.  LR 26-2(c).  Courts may impose sanctions—including reasonable expenses and attorneys' fees—for the failure of a party to appear for a deposition if the failure to appear was not substantially justified or other circumstances make an award of expenses unjust.  *See* Fed. R. Civ. P. 37(d)(1)(A), (d)(3).

      Here, the parties' positions regarding what occurred at the deposition in question are vastly divergent.  Thus, without a transcript, the Court is unable to determine whether a protective order is necessary.  Unable to rule on the issues as presented, the Court grants Defendants' motion to vacate and stay the depositions scheduled for November 1st – 5th and 17th and for an expedited briefing schedule.[1]  Defendants must first, however, make another good faith effort to meet and confer with Plaintiff in an attempt to resolve the issues before filing their motion for a protective order.  Defendants must include a declaration setting out the details and results of that meet and confer in their motion.  After considering the protective order briefings, the Court will award monetary sanctions—including reasonable costs and attorneys' fees for rescheduling the

---

[1] Defendants simultaneously ask for a stay of discovery.  (ECF No. 97-1 at 8).  The Court declines to rule on this request because the parties have addressed it in their stipulation to extend discovery deadlines.  (ECF No. 96 at 3).  The Court confines its order to Defendants' request to vacate and stay depositions only.

1  postponed depositions, filing the instant motions, and briefing these issues—to the prevailing
2  party.

### B. *The Court grants the parties' stipulation to extend.*

A motion to extend a date set by the discovery plan, scheduling order, or other order must be supported by a showing of good cause.  LR 26-3.  The motion must include: (a) statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.  LR 26-3(a)-(d).  Here, the Court finds that the parties have demonstrated good cause to grant their stipulation to extend discovery deadlines.  (ECF No. 96).  The parties are admonished that the Court will require them to re-notice and complete depositions within the new deadlines proposed in their stipulation to extend.  (ECF No. 96).

**IT IS THEREFORE ORDERED** that Defendants' motion for a protective order (ECF No. 97) is **granted in part** as it relates to their request to stay the depositions at issue in this motion—excluding the deposition scheduled for October 28, 2021 and Defendants' request to stay discovery—and for an expedited briefing schedule. The following deadlines shall govern the parties' briefs:

| | |
|---|---|
| Defendants' motion | Friday, November 5, 2021 |
| Plaintiff's response | Wednesday, November 10, 2021 |
| Defendants' reply | Friday, November 12, 2021 |

**IT IS FURTHER ORDERED** that the parties must meet and confer in an attempt to resolve the issues before Defendants file their motion on **Friday, November 5, 2021**.

**IT IS FURTHER ORDERED** that the party who prevails on the issue of a protective order will be entitled to their reasonable attorneys' fees and costs incurred in rescheduling the postponed depositions, filing the instant motions, and briefing these issues.

**IT IS FURTHER ORDERED** that the stipulation to extend discovery deadlines (ECF No. 96) is **granted**. The following deadlines shall govern discovery:

| | |
|---|---|
| Discovery cutoff | Monday, January 14, 2022 |
| Dispositive motions | Monday, February 14, 2022 |
| Pretrial order[2] | Wednesday, March 16, 2022 |

DATED: October 28, 2021

---

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. LR 26-1(b)(5).