1  PAUL T. TRIMMER, ESQ.
   Nevada Bar No. 9291
2  JOSHUA A. SLIKER, ESQ.
   Nevada Bar No. 12493
3  HOLLY E. WALKER, ESQ.
   Nevada Bar No. 14295
4  **JACKSON LEWIS P.C.**
   300 S. Fourth Street, Suite 900
5  Las Vegas, Nevada 89101
   Telephone: (702) 921-2460
6  Email: paul.trimmer@jacksonlewis.com
   Email: joshua.sliker@jacksonlewis.com
7  Email: holly.walker@jacksonlewis.com

8  RICK J. SUTHERLAND, ESQ.
   *Admitted pro hac vice*
9  **JACKSON LEWIS P.C.**
   215 S. State Street, Suite 760
10 Salt Lake City, Utah 84111
   Telephone: (801) 736-3199
11 Email: rick.sutherland@jacksonlewis.com

12 MARK A. HUTCHISON, ESQ.
   Nevada Bar No. 4639
13 **HUTCHISON & STEFFEN, PLLC**
   10080 W. Alta Dr., Suite 200
14 Las Vegas, Nevada 89145
   Telephone: (702) 385-2500
15 Email: mhutchison@hutchlegal.com

16 *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Martin J. Walsh,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>vs.<br><br>Unforgettable Coatings, Inc.; Unforgettable Coatings of Idaho, LLC, dba Unforgettable Coatings; Unforgettable Coatings of Arizona, LLC, dba Unforgettable Coatings; Unforgettable Coatings of Utah, Inc., dba Unforgettable Coatings; Blue Ape Painting, LLC; Shaun McMurray; Shane Sandall; Cory Summerhays; and Galia Carrejo,<br><br>    Defendants. | Case No.: 2:20-cv-00510-KJD-DJA<br><br>**STIPULATION AND ORDER TO TEMPORARILY STAY DISCOVERY** |

JACKSON LEWIS P.C.
LAS VEGAS

1

Plaintiff Martin J. Walsh ("Plaintiff"), and Defendants Unforgettable Coatings, Inc., Unforgettable Coatings of Idaho, LLC, Unforgettable Coatings of Arizona, LLC, Unforgettable Coatings of Utah, Inc., Blue Ape Painting, LLC, Shaun McMurray, Shane Sandall, Cory Summerhays, and Galia Carrejo (collectively, "Defendants"), by and through their respective counsel of record, hereby stipulate and agree to stay discovery until November 29, 2021 as set forth below.

1. On March 12, 2020, Plaintiff filed a Complaint asserting violations of the Fair Labor Standards Act against Defendants. ECF No. 1.

2. On June 26, 2020, the Court entered a Scheduling Order in which the discovery cut-off, including the hearing of discovery motions, was set for December 13, 2020, dispositive motion deadline was set for January 12, 2021, pre-trial conference was set for June 7, 2021, and trial was set for June 14, 2021. ECF No. 34.

3. On November 5, 2020, the Court approved the parties' stipulation to extend the close of discovery to August 28, 2021 and the dispositive motion deadline to September 28, 2021. ECF No. 51.

4. Following denial of Defendants' Motion to Dismiss (ECF Nos. 25, 29) on March 30, 2021 (ECF No. 59), Defendants filed their Answer to Plaintiff's Complaint on April 13, 2021. ECF No. 61.

5. Pursuant to stipulation, Plaintiff subsequently filed his First Amended Complaint on April 27, 2021. ECF Nos. 63 and 64.

6. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint was filed on May 27, 2021 and remains pending before the Court. ECF No. 61. As such, Defendants have not yet filed an Answer to Plaintiff's First Amended Complaint.

7. On July 13, 2021, the Court approved the parties' stipulation to extend the close of discovery to November 19, 2021 and the dispositive motion deadline to December 19, 2021. ECF No. 79.

8. On October 27, 2021, the parties filed a Stipulation and Order to Continue Discovery and Dispositive Motion Deadlines. ECF No. 96. This Stipulation extended the discovery deadline

to January 14, 2022, and the dispositive motions deadline to February 14, 2022. *Id.* The parties would have through and including February 14, 2022 to file dispositive motions, which is thirty (30) days after the discovery deadline. The Court granted the Stipulation on October 28, 2021. ECF No. 99.

9. On October 27, 2021, Defendants filed an Emergency Motion for Entry of an Interim Protective Order and to Set Expedited Briefing Schedule (ECF No. 97), which the Court granted in part on October 28, 2021. ECF No. 99. Pursuant to the Court's Order, Defendants filed a motion for protective order on November 5, 2021 which provides more fulsome briefing regarding the issues identified in Defendants' Emergency Motion. ECF No. 103. Plaintiff filed a response on November 10, 2021. ECF No. 106. Defendants' reply is due on November 12, 2021.

10. On November 2, 2021, Plaintiff filed a Motion for Protective Order Regarding the Identities of Informers. (ECF 101). Defendants' Opposition to Plaintiff's Motion is by November 16, 2021.

11. Defendants were scheduled to conduct the depositions of six witnesses between November 6, 2021 and November 15, 2021, but temporarily vacated them to be rescheduled at a later date in accordance with the instant Stipulation. In addition, following the Court's ruling on Defendants' Motion for Protective Order, the parties will need to schedule the depositions of 5-6 witnesses that Plaintiff intends to depose, but whose depositions were temporarily vacated pending the Court's decision on Defendants' forthcoming Motion for Protective Order.

12. Following a meet and confer effort, the parties have agreed to a temporary stay of discovery until November 29, 2021. A stay will conserve the parties' respective resources and avoid duplicative discovery by potentially having to depose various witnesses for a second time. This will also alleviate the burden of potential repeat discovery on the witnesses who have not yet been deposed.

13. At this time, the parties have not reached agreement to stay discovery beyond November 29, 2021. Nonetheless, the parties agree that no party, by virtue of entering into this Stipulation, is waiving any right to seek a stay of discovery or extension thereof in the future.

14. Courts have broad discretionary power to control discovery. *Little v. City of Seattle,*

863 F.2d 681, 685 (9th Cir. 1988).  When deciding whether to grant a stay of discovery, a court is guided by the objectives of FRCP 1 that ensures a "just, speedy, and inexpensive determination of every action." *Id.* Courts evaluating the propriety of a stay have cautioned against the use of resources that may be rendered unnecessary, noting the simple, but accurate principle: "Discovery is expensive." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011). It is in light of the mandate of FRCP 1 for which the parties seek a stay of discovery.

15. The parties make the identified request in good faith and not to unduly delay the final disposition of this matter. The parties believe that the requested stay would preserve judicial resources in this matter.

16. Nothing in this Stipulation, nor the fact of entering to the same, shall be construed as waiving any claim and/or defense held by any party, including waiving the right of any party to conduct discovery under the current Scheduling Order or to seek further modifications to the discovery schedule.

Dated this <u>15th</u> day of November 2021.

| UNITED STATES<br>DEPARTMENT OF LABOR | JACKSON LEWIS P.C. |
|---|---|
| */s/ Kathryn A. Panaccione* | */s/ Joshua Sliker* |
| Charles C. Song<br>Susan G. Kumli<br>Andrew J. Schultz<br>Jessica M. Flores<br>Kathryn A. Panaccione<br>350 S. Figueroa Street, Suite 370<br>Los Angeles, California 90071 | Paul T. Trimmer, State Bar No. 9291<br>Joshua A. Sliker, State Bar No. 12493<br>Holly E. Walker, State Bar No. 14295<br>300 S. Fourth Street, Suite 900<br>Las Vegas, Nevada 89101 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**ORDER**

IT IS SO ORDERED.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: November 16, 2021