UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> UNFORGETTABLE COATINGS, INC., *et. al*, <br><br> Defendants. | Case No. 2:20-CV-00510-KJD-DJA <br><br> **ORDER** |

Before the Court for consideration is the Order (#84) of Magistrate Judge Daniel J. Albregts entered August 23, 2021, granting Plaintiff's Motions to Compel (#62/76) and denying Defendants' Motion to Quash (#67) and Motion for Protective Order (#75). Defendants filed Objections (#86) to the order to which Plaintiff responded (#90). Defendants then filed a Reply (#91).[1] Plaintiff then filed a Motion for Leave to File a Sur-reply (#93) to which Defendants replied (#95). The Court finds the proposed sur-reply unnecessary to resolve the Objections and denies the motion.

The Court has conducted a de novo review of the record in this case in accordance with Federal Rule of Civil Procedure 72(a) and LR IB 3-1. Federal Rule 72(a) states, in relevant part, "[a] party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Local Rule IB 3-1 states, in relevant part:

A district judge may reconsider any pretrial matter referred to a

---

[1] The Court notes that the Local Rules do not provide for a reply without leave of the court. See LR IB 3-1(a). Defendants did not obtain leave of the Court. Accordingly, the Court orders the Clerk of the Court to **STRIKE** the reply.

> magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law . . . The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order. The district judge may also remand the matter to the magistrate judge with instructions.

LR IB 3-1(a) and (b). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r IRS, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." UnitedHealth Grp., Inc. v. United Healthcare, Inc., 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

Here, the Court cannot find that the magistrate judge's order is clearly erroneous or contrary to law. Having conducted a de novo review of the extensive briefing on the underlying motions and objections, the Court finds that Plaintiff met its burden of meeting and conferring before it filed its motions to compel. In fact, the evidence is extensive. The fact that the magistrate failed to address it more specifically, merely shows the amount of weight the magistrate accorded the allegations of failing to meet and confer.

It is clear from both parties' pleadings and the evidence submitted with them, that meet and confer on each of the issues occurred. However, Defendants continued to refuse to produce evidence covered by the Request for Productions without a signed protective order. The protective orders proposed by Defendants were overbroad, allowing Defendants to unilaterally decide what should be confidential information and severely limiting how it could be handled. The protective order from a different case produced by Defendants was from the District of New York, covered one individual, very specific personal financial documents and it was stipulated to. Defendants produced no proposed protective orders that were as specific as the one from the Eastern District of New York. Further, it is not the job of the magistrate judge to mentally sift through potential financial documents guessing which should be protected. It is Defendants' burden to show what specific documents are worthy of protection and to move, by motion or stipulation, the Court for a protective order after meeting and conferring with Plaintiff. See Foltz

1  v. State Farm Mut. Auto. Ins. Co., 3331 F.3d 1122, 1130 (9th Cir. 2002).[2]

2  Defendants also objected to the magistrate judge's refusal to limit Plaintiff's subpoena requests aimed at Defendants CPAs. The magistrate judge did not "summarily determine[] that the subpoena requests were within the scope of discovery." Instead, the judge determined the specific rules that applied and gave detailed reasoning underlying his order that the requests were within the scope of discovery. Further, the court did not err by citing Secretary of Labor v. Valley Wide Plastering Construction, Inc., No. CV-18-04756-PHX-GMS, 2020 WL 5439463, at *3-4 (D. Ariz. Sept. 10, 2020). The case was properly used to show the factors that go into the consideration of protective orders. The magistrate's Order (#84) then identified four specific reasons that it was denying the motion to quash and motion for protective order. The order then applied the five factors identified in Valley Wide. Contrary to Defendants' objections, the court was not required to distinguish each of the cases Defendants cited as authority for its motion. Finally, the citation of persuasive authority from a sister district in the Ninth Circuit was preceded by the citation of three binding Ninth Circuit opinions and the Federal Rules of Civil Procedure. The judge did not "summarily" deny Defendants' motion to quash.

Finally, the Court assumes that Defendants are not objecting to the fact the magistrate judge did not award attorney's fees for the Plaintiff. Defendants not having prevailed except on a couple of minor issues are awarded no fees.

It appears to the Court that the inability of the parties to compromise on issues are multiplying the proceedings and delaying resolution of the action. Future dilatory practices such as filing unmeritorious motions or pleadings not allowed under either the Federal Rules of Civil Procedure or the Local Rules will likely result in the issuance of sanctions. The tone of pleadings evinces disrespect for judicial authority. One sentence from the briefings on the objections stands out: "[T]he Magistrate Judge completely ignored the abundance of binding precedent from this District in favor of inapposite authority from another jurisdiction." First, just because the magistrate judge rejected an argument by failing to distinguish each case (most distinguishable

---

[2] It appears to the Court that there is plenty of room for compromise on both sides. The magistrate's decision to not adopt an overbroad protective order or to create one himself is not contrary to law.

because they referred to stipulated orders) does not mean he completely ignored a parties' arguments. He considered both and chose one. Further, the sentence misstates the law. No in-District opinion is binding on other courts in the District. See Hart v. Massanari, 266 F.3d 1155, 2001 (9th Cir. 2001) (the binding authority principle could operate so that "the first district judge to decide an issue within a district, … would bind all similarly situated district judges, but it does not"). District opinions are merely persuasive, that courts consider them more persuasive than out-of-district opinions is a matter of human nature and not law. Nothing in this order should be perceived as an invitation to file pleadings that rehash issues that have already been decided or to move for attorney's fees every time a party prevails on an issue.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File a Sur-reply (#93) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court **STRIKE** Defendants' Reply (#91);

IT IS FURTHER ORDERED that Defendants' Objections (#86) to the Order (#84) of the Magistrate Judge are **DENIED**;

IT IS FURTHER ORDERED that the Magistrate Judge's Order (#84) entered August 23, 2021, is **AFFIRMED**.

DATED this 10th day of March 2022.

_____
The Honorable Kent J. Dawson
United States District Judge