**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Martin J. Walsh, Secretary of Labor, United States Department of Labor, | Case No. 2:20-cv-00510-KJD-DJA |
| Plaintiff, | **Order** |
| v. | |
| Unforgettable Coatings, Inc.; et al., | |
| Defendant. | |

    This is a Fair Labor Standards Act (FLSA) action arising out of Plaintiff the Secretary of Labor's investigation into Defendants'[1] pay scheme for their employees. Plaintiff sues Defendants for damages and injunctive relief, alleging violations of the FLSA. Plaintiff moves to quash Defendants' subpoenas to third parties (ECF No. 167) and for a protective order preventing Defendants from deposing the Department of Labor's Regional Coordinator for Workplace Crimes (ECF No. 169). Plaintiff argues that Defendants seek privileged and irrelevant information through their subpoenas and deposition request. Defendants move for the Court to appoint a special master to oversee discovery, arguing that the frequency and detail of the parties' discovery disputes warrant a special master. (ECF No. 171). Defendants also move for the Court to expedite its review of the pending motions because discovery is ending soon, and the Court indicated that it would not grant future extensions. (ECF No. 172).

    Because the Court finds that the subpoenas exceed the scope of discovery, it grants Plaintiff's motion to quash. (ECF No. 167). Because the Court finds that Defendants are entitled

---

[1] Defendants include Unforgettable Coatings, Inc. and its various subsidiaries and individuals involved in its ownership, including Unforgettable Coatings of Idaho, LLC; Unforgettable Coatings of Arizona, LLC; Unforgettable Coatings of Utah, Inc; Blue Ape Painting, LLC; Shaun McMurray; Shane Sandall; Cory Summerhays; and Galia Carnejo.

to explore discrepancies, but not entitled to explore U visa information, it grants in part and denies in part Plaintiff's motion for a protective order. (ECF No. 169). Because the Court finds that the parties are entitled to an opportunity to be heard, it sets Defendants' motion for a special master for a hearing. (ECF No. 171). Because the Court has prioritized the parties' motions before other motions that became ripe before them, it grants Defendants' motion for expedited relief. (ECF No. 172).

I. **Discussion.**

    A. ***The Court grants Plaintiff's motion to quash.***

        1. <u>The parties' arguments.</u>

Plaintiff moves for the Court to quash Defendants' subpoenas to third-party worker advocacy group Arriba Las Vegas Worker Center, the Arriba Center's employees, and Defendants' former employees. (ECF No. 167). Plaintiff points out that the subpoenas Defendants served are extremely similar to subpoenas Defendants already tried to serve on a different worker advocacy group and its employee, which subpoenas the Court has already quashed. (*Id.* at 5-6). Plaintiff asserts that he has standing to move to quash these subpoenas because he claims a personal right and privilege in their content and because he is in the unique position of heading an agency to which employees petition to address grievances. (*Id.* at 7). He argues that this unique standing gives him a broader ability to challenge these subpoenas than a private litigant might have. (*Id.* at 7-9). Plaintiff asserts that he also has a personal privilege over the documents because the subpoenas seek information protected by the informant's privilege, the investigative files privilege, and the work product doctrine. (*Id.* at 9). He also asserts that the subpoenas are overbroad and unduly burdensome because they would require the subpoenaed individuals to provide every documented interaction that Defendants' employees had with the Arriba Center and the Department of Labor for the past six years. (*Id.* at 17). These documents could encompass personal text messages and items completely unrelated to the litigation, Plaintiff asserts, and would result in intimidating witnesses who sought help from community organizations under the expectation that their confidential information would not be released. (*Id.* at 6).

Defendants respond and concede that Plaintiff has standing, but only to assert privileges, not to assert overbreadth or burden. (ECF No. 170 at 12-13). Defendants argue that Plaintiff has not provided any mandatory authority that he is entitled to some sort of expanded or unique standing by virtue of being the Secretary of Labor. (*Id.*). And because Plaintiff has brought a motion to quash—not a motion for protective order—Defendants assert that Plaintiff can only raise privileges, rather than burden or overbreadth, which objections are exclusive to the persons subject to the subpoenas. (*Id.* at 12-14). But Defendants assert that Plaintiff has not and cannot support his claimed privileges. (*Id.* at 14-19). They argue that Plaintiff can only speculate about what most of the documents will entail and thus cannot make a privilege log or assert that the work product doctrine applies. (*Id.*). Regarding the investigative files privilege, Defendants assert that Plaintiff has not met his burden to specify the information with particularity or provide an affidavit from a responsible official with personal knowledge of the information. (*Id.*). Regarding the informant's privilege, Defendants assert that they have a compelling need to overcome the privilege. (*Id.* at 19-20). To the extent the Court were to consider the privileges, Defendants argue that the subpoenaed individuals should be required to comply with the subpoenas and submit the documents to the Court for *in camera* review to determine if the privileges apply. (*Id.*). Defendants do not address the similarity of their instant subpoenas to the subpoenas that the Court has already quashed.

Plaintiff replies that Defendants' subpoenas are not in the bounds of relevance or proportionality, particularly because Defendants do not address how they are proper after the Court already quashed substantially similar subpoenas. (ECF No. 174 at 2-3). Plaintiff adds that he is unaware of every document that the subpoenaed parties possess, but that the documents undoubtedly include communications from employees who expected their conversations with the subpoenaed parties to be confidential. (*Id.* at 3-4). Regarding Defendants' argument that Plaintiff cannot raise burden or overbreadth because he brought a motion to quash, Plaintiff asks the Court to consider the motion to quash as a motion for a protective order. (*Id.*). He adds that the individuals on whom Defendants have served subpoenas cannot afford attorneys, are being asked to provide six years' worth of personal documents and text messages, and—in the case of former

employees—are being asked to provide this personal information to the very employer they assert has retaliated against and intimidated them. (*Id.* at 5). Plaintiffs point out that Defendants are attempting through their subpoenas to find out the identity of informants whose identity the court has already determined is not essential to the determination of the case. (*Id.* at 5-6). Moreover, the Defendants have already deposed employees and can depose the individuals to whom they now direct their subpoenas. (*Id.* at 6-7). Plaintiff concludes that Defendants' subpoenas are even broader than the ones the Court already quashed and that, given Defendants intent to learn the identity of informants, the Court should again quash the subpoenas at issue here. (*Id.*).

     2.  <u>Analysis.</u>

  "[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, No. 2:04-cv-0119-DAE-GWF, 2007 WL 119148, at *4 (D. Nev. Jan. 9, 2007); *compare In re Rhodes Companies, LLC*, 475 B.R. 733, 740 (D. Nev. Apr. 30, 2012) (declining to adopt the "personal right or privilege" standing rule for motion to quash subpoenas). "A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing to move to quash a subpoena issued to a non-party, especially where the non-party, itself, has not objected." *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at *4. "A party can however, move for a protective order in regard to a subpoena issued to a nonparty if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *Id.* at *3.

  The scope of discovery under Rule 45 is the same as that under Rule 26. *Heard v. Costco Wholesale Corporation*, No. 2:19-cv-00673-RFB-DJA, 2020 WL 515841, at *1 (D. Nev. Jan 31, 2020). Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery, but limits discovery based on proportionality. Fed. R. Civ. P. 26(b)(1). Proportionality considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court, on its own or by motion, "must limit" the extent of discovery otherwise allowed if it determines that the discovery sought is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii).

The Committee Notes to the 2015 amendment to Rule 26(b)(1) emphasized the importance of proportionality and the objective of "encourag[ing] judges to be more aggressive in identifying and discouraging overuse." Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes (2015).

> It also is important to repeat the caution that the monetary stakes are only one factor [of the proportionality analysis], to be balanced against other factors. The 1983 Committee Note recognized 'the significance of the substantive issues, as measured in philosophic, social, or institutional terms. Thus the rule recognizes that many cases in public policy spheres, such as employment practices, free speech, and other matters, may have importance far beyond the monetary amount involved'…The burden or expense of proposed discovery should be determined in a realistic way.

Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes (2015).

The Court grants Plaintiff's motion to quash. As a preliminary matter, the parties agree that Plaintiff has standing to move to quash the subpoenas. So does the Court. And while the parties disagree whether Plaintiff appropriately raised his relevance and burden objections through the motion to quash, the Court nonetheless finds that the subpoenas exceed the scope of discovery.[2]

The Court recognizes that the more procedurally appropriate way for Plaintiff to have raised these objections would have been through a motion for a protective order. It also recognizes that Plaintiff's request—raised for the first time in reply—for the Court to construe his motion as one for a protective order was procedurally improper. *See Zamani v. Carnes*, 491 F.3d

---

[2] Because the Court decides the motion under Rule 26(b)(1), it does not reach the parties arguments about privilege or their arguments regarding whether Plaintiff has a unique form of standing.

990, 997 (9th Cir. 2007) ("[t]he district court need not consider arguments raised for the first time in a reply brief"). On the other hand, courts in this district have construed and applied standards regarding motions to quash and motions for protective orders differently and sometimes interchangeably. And Defendants have provided no authority that mandates the Court to disregard Plaintiff's breadth and relevance arguments because he brought a motion to quash rather than one for a protective order.

To the contrary, Rule 26(b)(2)(C)(iii) mandates that the Court—on its own—limit discovery outside the scope of Rule 26(b)(1). And under Rule 26(b)(1) and the Committee Notes to that Rule, proportionality considerations include the very concerns Plaintiff has raised in his motion to quash. Plaintiff has pointed out that the individuals to whom Defendants have directed their subpoenas—the Arriba Center, its employees, and Defendants' former employees—"do not earn much money and cannot afford an attorney to represent them in federal court." (ECF No. 174 at 5). These individuals would thus have difficulty objecting to Defendants' subpoenas, which request broad categories of documents that could capture irrelevant information. Moreover, in the case of Arriba Center employees, Plaintiff points out that employees often speak to Arriba Center employees expecting that their conversations will remain confidential. And in the case of Defendants' former employees, Plaintiffs emphasize the intimidation that the subpoenas would create by forcing these employees to provide extensive documents—including personal texts—to the employer they allege retaliated against or intimidated them.

Additionally, Defendants assert that they have deposed or will depose the individuals to whom they direct their subpoenas. Thus, Defendants will have an opportunity to ask these individuals about the topics which their subpoenas cover. While Defendants argue that the documents are necessary for them to prepare for the depositions, the Court does not find their need to prepare sufficient to warrant the subpoenas' breadth.

Finally, Defendants do not address the similarity of the instant subpoenas to those which the Court already quashed. Without more explanation about why these subpoenas do not create the same concerns as the previous ones, the Court finds no reason to deviate from its previous decision to quash them. The Court thus grants Plaintiff's motion to quash the subpoenas.

### B. The Court grants in part and denies in part Plaintiff's motion for a protective order.

#### 1. The parties' arguments.

Plaintiff argues that the Court should enter a protective order preventing Defendants from deposing Jennifer Shim, the Regional Coordinator for Workplace Crimes, because she has no knowledge that would impact the case. (ECF No. 169). Plaintiff explains that Defendants wish to depose Shim because they believe that Shim was involved in providing immigration benefits to certain of Defendants' employees in exchange for cooperation with the Department of Labor's investigation. (*Id.* at 2). But Plaintiff asserts Shim had no contact with any of Defendants' employees or their families and that no employees were given immigration benefits in connection for cooperation with the investigation. (*Id.*). Moreover, Plaintiff argues that, given Shim's role in the immigration visa process, allowing Defendants to depose her would create the dangerous precedent that employers could dig into their employees' immigration status when defending against an FLSA claim. (*Id.* at 8-9). Plaintiff asserts that this would create a chilling effect on the engagement of employees in seeking relief. (*Id.* at 10). And even if Defendants did depose Shim, Plaintiffs assert that she is prohibited by statute from disclosing information related to individuals' visa applications. (*Id.* at 12). Because the deposition would be more prejudicial than probative, Plaintiff asserts that a protective order is warranted. (*Id.* at 10-12).

Defendants respond that they are entitled to explore whether witnesses are biased because they received immigration benefits in exchange for their cooperation. (ECF No. 173). Regarding Plaintiff's argument that Shim was not involved with this case, Defendants assert that one Department of Labor employee testified that she had received an email from Shim relating to someone in the case. (*Id.* at 3). And Defendants assert that a former employee made a public statement that he received deferred action as a key witness in the investigation, while the Arriba Center has called on the government to provide immigration benefits to Defendants' employees. (*Id.*). Defendants assert that they are entitled to explore the contradiction between these statements and Plaintiff's assertion that Shim was not involved and that no employees were given immigration benefits. (*Id.*). Defendants assert that all their other attempts to learn about whether

employees were given immigration benefits in connection with their cooperation were met with Plaintiff's instructions to witnesses not to answer and objections to interrogatories. (*Id.* at 8-13). Thus, this deposition is necessary Defendants argue, and would be less intimidating than deposing or interviewing their employees themselves. (*Id.* at 18). Regarding Plaintiff's argument that the information is protected by statute, Defendants assert that the statute to which Plaintiff cites is inapplicable to Shim and that it would not apply here, where a protective order can protect the confidentiality of the information. (*Id.* at 19).

Plaintiff reasserts in reply that Shim was not involved in the investigation in this case. (ECF No. 176). Plaintiff asserts that he has established good cause to protect against Defendants discovering their employees' immigration information because the employees have asserted that Defendants threatened them on that basis. (*Id.* at 3). Plaintiff explains that FLSA protections are afforded to all employees, regardless of immigration status and thus, immigration information is irrelevant. (*Id.* at 4). Moreover, multiple courts have found immigration status to be protectable. (*Id.*). Plaintiff asserts that a protective order would be insufficient to protect the employees here because the harm is done in simply asking the employees questions regarding their immigration status. (*Id.* at 7-8). Additionally, the Court has already granted Defendants the ability to ask very limited questions regarding immigration. (*Id.*).

    2.  <u>Analysis.</u>

Federal Rule of Civil Procedure 26(c) governs protective orders. Fed. R. Civ. P. 26(c). It provides that the "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This "burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Wells Fargo Bank, N.A. v. Iny*, No. 2:13-cv-01561-MMD-NJK, 2014 WL 1796216, at *3 (D. Nev. May 6, 2014) (internal citation and quotation marks omitted). Rule 26(c) requires that the moving party make a "particularized showing" of Rule 26(c)(1)'s enumerated harms. *See Foltz v. State Farm Mut Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

The Ninth Circuit's decision in *Rivera v. NIBCO, Inc.* stands for the proposition that the Ninth Circuit maintains a "preference for finding [immigration] information impermissible" in discovery because of its chilling effect. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064-1066 (9th Cir. 2004); *Washington v. Horning Brothers, LLC*, No. 2:17-cv-0149-TOR, 2018 WL 2208215, at *4 (E.D. Wash. May 14, 2018). There, Latina and Southeast Asian workers sued their employer, NIBCO, after NIBCO made them take exams given only in English and fired them after they performed poorly. *See id.* at 1061. The plaintiffs sought a protective order against NIBCO inquiring into their immigration status. *See id.* The Ninth Circuit upheld the magistrate judge's granting of a protective order, finding that allowing NIBCO to discover its employees' immigration status would chill both undocumented and documented workers' willingness to report workplace abuses. *See id.* at 1065.

The Eastern District of Washington extended the *NIBCO* court's reasoning to U visas[3] in *Washington v. Horning Brothers, LLC*, finding that an employer's discovery into U visas provided to its employees was more prejudicial than probative. *Washington*, 2018 WL 2208215, at *6. There, plaintiffs sued their employer for sex discrimination and harassment. *See id.* at *1. The employer sought the plaintiffs' U visa documents in discovery, asserting that evidence that the plaintiffs received U visas would show potential bias. *See id.* at *4-6. While the court acknowledged the employer's concern that its employees could fabricate or exaggerate their claims to receive a U visa, it found the employer's concern was not outweighed by the potential chilling effect of disclosing an employee's immigration status. *See id.*

The Court grants in part and denies in part Plaintiff's motion for a protective order. While Plaintiff has demonstrated good cause to limit a deposition of Shim, he has not made a particularized showing that would support an order to forbid it completely. While Plaintiff asserts that, by deposing Shim, Defendants would intimidate employees, Plaintiff has not explained how

---

[3] A U visa is "a temporary nonimmigration status for immigrant victims who suffered substantial abuse as a result of criminal activity, possess information about that criminal activity, and have been helpful to the investigation or prosecution of that criminal activity." *Washington*, 2018 WL 2208215, at *1.

Shim's deposition alone would cause that intimidation. On the other hand, Defendants have pointed to inconsistent facts which lead them to believe that Shim was involved with the Department's investigation and that Plaintiff may have offered employees some form of immigration benefit, contrary to Plaintiff's statements.

To balance Defendants' desire to explore the inconsistencies they assert to have found with the Ninth Circuit's preference for finding immigration information impermissible in discovery, the Court will allow Defendants to depose Shim on a limited basis. Defendants may not ask Shim about the immigration status or U visa applications of any specific individual or the identity of any individual to whom she may have helped provide an immigration benefit. Defendants may, however, ask her generally whether she helped provide immigration benefits to individuals involved in the Department of Labor's investigation into Defendants. The deposition will be limited to two hours. The Court thus grants in part and denies in part Plaintiff's motion for a protective order.

### C. The Court sets a hearing on Defendants' motion for a special master.

A court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). Before appointing a special master, the court must give the parties notice and an opportunity to be heard. Fed. R. Civ. P. 53(b)(1). Any party may suggest candidates for appointment. *Id.*

The Court sets a hearing on Defendants' motion for a special master because it cannot grant a special master without giving the parties notice and an opportunity to be heard. At this stage, the Court is not inclined to appoint a special master considering its decisions on the motions to quash and for a protective order. However, in the event Defendants still wish to pursue their motion, and Plaintiff wishes to oppose, the Court will hold a hearing. In the event Defendants wish to withdraw their motion, they may move to do so, at which time the Court will vacate the hearing.

### D. The Court grants Defendants' motion to expedite.

Defendants have moved the Court to expedite its decision on the pending motions. (ECF No. 172). Plaintiff did not oppose that request. (ECF No. 175). The Court has prioritized this matter before other matters that were ripe before it. The Court thus grants Defendants' motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to quash (ECF No. 167) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for a protective order (ECF No. 169) is **granted in part and denied in part** as outlined in this order.

**IT IS FURTHER ORDERED** that Defendants' motion to expedite (ECF No. 172) is **granted.**

**IT IS FURTHER ORDERED** that the Court sets a hearing on Defendant's motion for a special master on **Thursday, September 1, 2022 at 11:00 AM in Las Vegas Courtroom 3A.**

DATED: August 23, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE