IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br><br>              v.<br><br>Unforgettable Coatings, Inc., a Nevada Corporation; Unforgettable Coatings of Idaho, LLC, dba Unforgettable Coatings, a Nevada Limited Liability Company; Unforgettable Coatings of Arizona, LLC, dba Unforgettable Coatings, an Arizona Limited Liability Company; Unforgettable Coatings of Utah, Inc., dba Unforgettable Coatings, a Utah Corporation; Shaun McMurray, an individual; Shane Sandall, an individual; Cory Summerhays, an individual; Blue Ape Painting, LLC, a Nevada limited liability company, and Galia Carrejo, an individual,<br><br>                              Defendants. | Case No. 2:20-cv-00510-KJD-DJA<br><br>**[PROPOSED] CONSENT JUDGMENT AND ORDER** |

Plaintiff Secretary of Labor ("Secretary") and Defendants Unforgettable Coatings, Inc., a Nevada Corporation; Unforgettable Coatings of Idaho, LLC, dba Unforgettable Coatings, a Nevada Limited Liability Company; Unforgettable Coatings of Arizona, LLC, dba Unforgettable Coatings, an Arizona Limited Liability Company; Unforgettable Coatings of Utah, Inc., dba Unforgettable Coatings, a Utah Corporation; Blue Ape Painting, LLC, a Nevada Limited Liability Company; Shaun McMurray, an individual; Shane Sandall, an individual; and Cory Summerhays, an individual (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and stipulate and consent to the entry of this Consent Judgment on the terms and conditions set forth below:

<u>STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES</u>

A.      The Secretary filed a Complaint alleging that during the period of September 6,

2016 to December 31, 2020, Defendants violated Sections 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2), (3) and (5).

B.    Defendants filed an Answer denying the Secretary's allegations.

C.    The parties stipulate that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District of Nevada.

D.    The parties agree that the Preliminary Injunction in this matter shall be dismissed and dissolved.

E.    The parties waive Findings of Fact and Conclusions of Law, and stipulate to entry of this Consent Judgment in settlement of this action, without further contest.

F.    Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction or in conjunction with Defendants have notice of, and understand, the provisions of this Consent Judgment and Order.

G.    Defendants stipulate that at all relevant times, they provided commercial and residential painting services in Nevada, Utah, Arizona, and Idaho, and were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

H.    Defendants stipulate that at all relevant times they were employers of their employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

I.    Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment and Order to any current or former employees, threatening any employee for accepting monies due under this Consent Judgment and Order, or threatening any employee for exercising any of his or her rights under or related to the FLSA is specifically prohibited and may subject Defendants to liability beyond this Consent Judgment including civil contempt.

<u>PERMANENT INJUNCTION</u>

It is therefore, upon stipulated motion of the attorneys for the Parties, HEREBY ORDERED, ADJUDGED, AND DECREED that under Section 17 of the FLSA, 29 U.S.C. § 217,

Defendants, their officers, agents, servants, and employees, and all those in active concert or participation with Defendants or acting on their behalf or at their direction, are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners set forth herein.

Defendants shall comply with the FLSA and maintain their pay practices as follows:

1. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), pay any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, less than time and one half the employees' regular rate for hours worked in excess of 40 hours in a workweek.

2. All employees who perform labor services for or on behalf of Defendants will be paid an hourly rate that is the actual, agreed upon hourly rate between Defendants and the employees. This rate will be reflected on the worker's pay stub as their regular hourly rate.

3. When employees work in excess of 40 hours in a workweek, they will be paid for all hours in excess of 40 at a rate of time and one half their regular hourly rate, i.e., the rate reflected on their paystubs, except that in any workweek in which the employee earns a non-discretionary bonus (e.g., production or incentive bonus), the bonus shall be added into the calculation of the regular rate for the purposes of computing overtime.

4. If any bonuses are paid, Defendants shall disclose the type of bonus paid, why it is being paid, and whether it is the type of bonus that must be computed into the employee's overtime pay on their paystub or notes on direct deposit. For example: "holiday bonus, gift, not required in overtime pay.

5. If Defendants choose to pay an employee through any type of production-based system, such as a piece-rate system, Defendants must identify that employee's regular rate and overtime rate on the employee's paystub. Even if piece rate employees do not receive paystubs with their direct deposit, Defendants must provide that employee with information on their regular rate and overtime rate, including information on how those rates were calculated.

6.    Likewise, if Defendants classify an employee as exempt from overtime pay, Defendants shall comply with the requirements of Section 13(a)(1) of the FLSA, 29 U.S.C § 213(a)(1), and the relevant regulations promulgated thereunder.

7.    Defendants shall not ask their employees who engage in painting, spraying, or similar work to volunteer their time doing painting, spraying, or similar work without pay; Defendants are permitted to passively inform employees of volunteer opportunities not related to their employment; Defendants also shall not instruct employees that they cannot discuss their pay with co-workers.

8.    Defendants shall not, contrary to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), fail to make, keep, and preserve accurate records of the wages, hours, and other conditions and practices of employment maintained by Defendants of each and every employee who performs any work for Defendants. To this end, for all employees, Defendants shall maintain a time system that accurately records all hours worked by employees, including the computation of all hours worked in a day and any overtime hours.

9.    For a period of three (3) years from entry of this Order by the Court, upon reasonable notice, Defendants shall produce payroll and employee time records, in addition to employee contact information, to the U.S. Department of Labor (USDOL) upon its request. The USDOL maintains its independent authority to conduct investigations.

10.    Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), take any action to deter employees from asserting their rights under the FLSA or interfere with any U.S. Department of Labor investigation of FLSA violations. Defendants, their officers, agents, servants, and employees shall not in any way retaliate or take any adverse employment action or threaten or imply that adverse action will be taken against any employee as a result of that employee exercising or asserting their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Defendants shall not attempt, in any way, to coerce their employees into accepting straight time pay for hours over forty in a workweek – this includes, but is not limited to, coercing employees into signing waivers of their FLSA rights or contracts purportedly agreeing to pay the employee an hourly rate which is

not the employee's actual hourly rate.

11. Within ten (10) business days of the date of entry of this Consent Judgment and Order by the Court, Defendants shall take the following steps to help ensure that all of Defendants' employees are aware of their rights under the FLSA:

12. Defendants shall not fail to distribute, in English and Spanish, via text, email, and slack, a notice that states, "You must be paid 1.5 times your regular rate if you work overtime (that is, over 40 hours in a week). You must be paid at a higher regular rate if you get a non-discretionary bonus in an overtime week. If you have concerns with your pay, have been asked to return any payments due or made to you under this Consent Judgment back to Unforgettable Coatings Inc., Final Touch Painting, Blue Ape, or the owners of these companies; or if you have concerns that your employer is not following the terms of the Consent Judgment, you may call (702) 928-1260 or email whdvm.lasvegasdolvuci@dol.gov." The USDOL will keep this email active to employee concerns for three years from the entry date of this Consent Judgment.

13. Defendants shall provide each of their current employees with a copy of the Notice of Rights, as set forth in the attached **Exhibit A**, which summarizes in English and Spanish the terms of this Consent Judgment and Order and provides guidance from the U.S. Department of Labor regarding employees' rights under the FLSA.

14. Defendants shall send a copy of **Exhibit A** to all employees by immediate means, such as slack or text message, followed by sending a copy to employees by regular U.S. postal service.

15. For a period of eighteen (18) months after entry of the Consent Judgment and Order, Defendants shall provide a copy of **Exhibit A** to all newly hired employees on or before the date when the employee begins performing work for Defendants.

16. Within ten (10) business days of the date that the Court enters this Consent Judgment and Order, Defendants shall display up-to-date U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA in a prominent location at Defendants' and offices (for example, near the facility's time clock). These posters shall also be at worksites and located wherever the employees access important notices, policies, and manuals.

Copies of these posters are available for download and printing at: http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

17.     Defendants shall, within thirty (30) business days after entry of this Consent Judgment and Order by the Court, hold meetings with all employees of Unforgettable Coatings in each state, at a date and time agreeable to the Wage Hour Division, at which representatives of Wage Hour Division will be invited and can be present, either in person or virtually. At the all-employee meetings, Defendants Cory Summerhays, Shaun McMurray, and/or Shane Sandall will tell all employees that all employees will receive time and a half of their actual hourly rate plus any non-discretionary bonuses for all hours worked over forty in a workweek. They will explain that this meeting is required by the Court because of the Consent Judgment. All workers at this meeting will be entitled to record this meeting if they wish. They will also tell all employees that they have the right to talk to Wage Hour Division, including if they believe they are not being paid properly, and that Defendants will take no action to deter them or retaliate if they do so. They will also tell all employees that they will keep proper time records of hours worked. They will also notify the workers that they can call the DOL at (702) 928-1260 or email at whdvm.lasvegasdolvuci@dol.gov about any wage problems or retaliation and their information will remain confidential. Defendants will have enough copies for all employees at each worksite of **Exhibit A** to distribute at this meeting.

18.     Within ninety (90) business days of entry of this Consent Judgment and Order, by the Court, Defendants will provide training to all employees about the FLSA including retaliation, and training will be provided by a neutral third party agreed on by Parties. Defendants may ask the third party to consult with the DOL on topics and materials for the training. Training will be provided to every employee including supervisors, human resources personnel and payroll/accounting personnel.

## JUDGMENT

19.     FURTHER, and pursuant to 29 U.S.C. § 216(c) and (e), JUDGMENT IS HEREBY ENTERED, in favor of the Secretary as a judgment owed to the United States of America and against Defendants  jointly and severally, in the total amount of which includes the

$1,809,249.77 in unpaid overtime compensation referenced above to Defendants' present and former employees who are identified in **Exhibit B, C, and D**, plus an additional equal amount of $1,809,249.77 as statutorily authorized liquidated damages ("Liquidated Damages") to the employees identified in **Exhibit B, C, and D**, plus $18,092.49 in interest, and $50,000 as a civil money assessment under 29 U.S.C. § 216(e), for a total of $3,686,592.03.

20. Employee names will be partially redacted to preempt possible employee privacy concerns. Employee names will be disclosed on Exhibit B, C, and D as follows: first name, second first name if any and employee ID numbers. The unredacted version of exhibits B, C, and D will be filed under seal, however the Secretary has the right to distribute these exhibits to enforce this Consent Judgment.

<u>BACK WAGES</u>

21. IT IS ORDERED, ADJUDGED and DECREED that Defendants jointly and severally, shall not withhold payments of $1,732,560.21, which represents the back wages and interest to resolve the unpaid overtime claims to Defendants' employees in **Exhibits B** for the time periods stated in Exhibit B.

22. IT IS ORDERED, ADJUDGED and DECREED that Defendants jointly and severally, shall not withhold payments of $91,379.06, which represents the back wages and interest to resolve the unpaid overtime claims to Defendants' employees in **Exhibit C** who worked under Defendants' company named "Final Touch Painting" for the time periods listed in Exhibit C.

23. IT IS ORDERED, ADJUDGED and DECREED that Defendants jointly and severally, shall not withhold payments of $3,403.11 which represent the back wages and interest to resolve the unpaid overtime claims to Defendants' employees in **Exhibits D** who worked without pay on December 19, 2020 by painting houses as "volunteers."

<u>LIQUIDATED DAMAGES</u>

24. IT IS FURTHER ORDERED and ADJUDGED that the Plaintiff shall also have and recover from Defendants jointly and severally, the amounts of $1,715,406.11 for liquidated damages under the FLSA for Defendants' employees in **Exhibit B**.

25. IT IS FURTHER ORDERED and ADJUDGED that the Plaintiff shall also

have and recover from Defendants jointly and severally, the amounts of $90,474.32for liquidated damages under the FLSA for Defendants' employees in **Exhibit C**.

26.     IT IS FURTHER ORDERED and ADJUDGED that the Plaintiff shall also have and recover from Defendants jointly and severally, the amounts of $3,369.34 for liquidated damages under the FLSA for Defendants' employees in **Exhibit D**.

27.     IT IS FURTHER ORDERED and ADJUDGED that Defendants jointly and severally, shall pay to the U.S. Department of Labor the additional amount of $50,000 which represents the civil money assessment from Paragraph 19 on March 1, 2023 by using the "WHD Civil Money Penalty Payment Form – Western Region" at https://www.pay.gov/public/form/start/77743734.   All payments shall reference Case Number "1890986."

## DISTRIBUTION OF WAGES AND LIQUDATED DAMAGES

28.     On or before January 16, 2023, Defendants will hire a Claims Administrator to receive the funds from Defendants and distribute those funds as set forth in this Consent Judgment. Defendants elected to hire Simpluris as a third-party-administrator.

29.     The Claims Administrator shall oversee the payments to the employees on Exhibits B, C, and D, as directed by the Secretary in his sole discretion.

30.     If the hired Claims Administrator declines to serve or to carry out its duties under this Consent Judgment, the Secretary will complete wage distribution in this case.

31.     All of the Claims Administrator's administration fees and costs will be paid by Defendants pursuant to its agreement with the Claims Administrator, a copy of which agreement will be provided to the Secretary. Defendants' fees and costs include making international wire transfers. Said administration fees will not be funded by or deducted from the back wages, liquidated damages or civil money assessment amounts.

32.     The Claims Administrator will work with the Secretary and Defendants to carry out the terms of this Consent Judgment. The Claims Administrator will be responsible for:

a.   establishing, within ten (10) calendar days of being appointed, a noninterest-bearing Qualified Settlement Fund account to hold in trust

the back wages and liquidated damages Defendants pay pursuant to paragraphs 33.e ("Settlement Fund") and notifying the Parties when the account is established and ready for deposit of the Settlement Fund;

b. receiving and holding the Settlement Fund in trust, until distribution;

c. establishing a toll-free telephone number accessible to employees;

d. responding to information requests from employees;

e. sending notices and Claim Forms to employees;

f. obtaining updated addresses for employees and re-mailing returned notices;

g. receiving and processing Claim Forms as provided in this consent judgment;

h. issuing payments in accordance with a final distribution list provided by the Secretary;

i. calculating and deducting payroll taxes and income tax withholding with respect to back wage amounts paid to employees, and not withhold or deduct taxes from liquidated damages amounts paid to employees;

j. filing tax returns with respect to the Settlement Fund and issuing IRS Form W-2s and 1099s to each employee who receives a payment;

k. communicating as necessary with the Secretary and Defendants;

l. tracking all necessary data regarding contact with employees;

m. reissuing checks where required in consultation with the Secretary, and

n. final distribution of the Settlement Fund.

33. The Parties agree to the following process for administrating payment to employees:

a. Within seven (7) business days after entry of this Consent Judgment by the Court, Defendants shall provide a list in Excel format to the Claims Administrator, and the Secretary, containing the name, mailing address, telephone number, email address, social security number, birth date, and

direct deposit information, to the extent such information is known, for each person listed in Exhibits B, C, and D, and the amount of wages and liquidated damages to be paid to each such person (the "Employee List"). Within seven (7) business days thereafter, the Secretary shall either (i) inform the Claims Administrator that the Employee List is correct; or (ii) revise the Employee List to the extent necessary to make it correct and provide the same to the Claims Administrator.

b.  Within 7 days of receiving all required information from the Secretary, the Claims Administrator will mail notice to each Employee informing the Employee of entry of the Consent Judgment. Prior to issuance, the Claims Administrator must obtain the approval of the notice from the Secretary. The notice shall:

    i.  state the amount of back wages and the amount of liquidated damages to which the Employee is entitled,

    ii.  request that the Employee complete and return IRS form W-4 for use in calculating withholdings for the back wages payment,

    iii.  state that a social security number is not required to collect their owed wages and liquidated damages, and

    iv.  advise the Employee to contact the Claims Administrator with any questions related to the administration.

c.  The Claims Administrator will provide the Secretary a summary report on the mailing of these notices.

d.  The Claims Administrator will run "skip-trace" on undeliverable notices to find current contact information for Employees who did not receive the notice.

e.  Defendants shall pay into the Settlement Fund account as follows:

    i.  On or before March 1, 2023, the sum of $1,809,249.77 (the "First Payment").

ii.   On or before March 1, 2024, the sum of $1,859,249.77 (the "Second Payment").

f.   The Claims Administrator will distribute payment of a Settlement Fund to each person listed in Exhibits B, C, and D, in the amounts set forth in those Exhibits, on the schedule set forth herein, and shall make such payments by direct deposit whenever possible.

g.   Within fourteen (14) days of receipt of the First Payment, the Claims Administrator shall pay the Liquidated Damages amount to each Employee listed in Exhibits B, C, and D. With fourteen (14) days of receipt of the Second Payment, the Claims Administrator shall pay the remaining Back Wages amount, plus 1% interest, to each Employee listed in Exhibits B, C, and D. These mailings will exclude Employees whose notice packets were returned undeliverable even after skip-tracing. The checks will state that they must be cashed within 120 days. The Claims Administrator will provide the Secretary with a summary report on the mailing of these checks.

h.   The Claims Administrator shall adjust the prioritization, process and manner of these distributions based solely on instructions from the Secretary.

34.   After the 120-day period for Employees to cash their checks expires, the Claims Administrator will, within 14 days, remit the entirety of the unredeemed funds to the Department of Labor. This will include (i) the full amounts in all checks that were not cashed within 120 days, (ii) the full amounts of all back wages for which the Claims Administrator did not receive a W-4, and (iii) the full amounts of all back wages and liquidated damages payable to Employees whose notice packets were returned undeliverable. The Claims Administrator will remit these funds to the Department of Labor "WHD Back Wages Payment Form – Western Region" at https://www.pay.gov/public/form/start/77743734. The payment shall reference Case Number 1890986. The Claims Administrator will report to the Secretary when it makes payments

under this subparagraph to the Wage & Hour Division of the Department of Labor.

35.     The Secretary shall distribute the proceeds from the funds it receives as described in paragraph 33 in the amounts set forth in operative Exhibits B, C, and D to the Employees identified therein, or if necessary, to their estates. Any monies not distributed to employees because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

36.     FURTHER, within thirty (30) business days of entry of this Consent Judgment by the Court, Defendants shall secure the payment of the Second Payment by executing an assignment to the U.S. Department of Labor of the right of payment on certain of the enterprise Defendants' accounts receivable in an amount equal to the Second Payment. The DOL shall have no right or authority to collect or execute upon the assignment unless Defendants default in making the Second Payment and such default remains uncured for five (5) business days.

37.     IT IS FURTHER ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached **Exhibits B, C, or D** nor as to any employee named on the attached **Exhibits B, C, or D** for any period not specified therein.

38.     IT IS FURTHER ORDERED that each party shall bear its own fees and expenses incurred by the party in connection with any stage of this proceeding to date, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

39.     IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

THE PARTIES STIPULATE, AND IT IS FUTHER ORDERED that the Preliminary Injunction entered by this Court in this matter on April 23, 2020 (ECF No. 22) and modified on March 31, 2021 (ECF No. 60) shall be dissolved and vacated upon entry of this Consent Judgment and Order by the Court.

40.     Violations of this Consent Judgment may subject Defendants to liability beyond this Consent Judgment including civil contempt.

Dated this _____ day of _____, 2022.

_____
HON. KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

JACKSON LEWIS P.C.

_____

JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
*Attorney for Defendants Unforgettable Coatings, Inc.; Unforgettable Coatings of Idaho, LLC; Unforgettable Coatings of Arizona, LLC; Unforgettable Coatings of Utah, Inc.; Shaun McMurray; Shane Sandall; Cory Summerhays; and Blue Ape Painting, LLC*

Dated: _____

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

_____

ANTHONY L. MARTIN, ESQ.
Nevada Bar No. 8177
10801 W. Charleston Blvd., Suite 500
Las Vegas, Nevada 89135

*Attorney for Defendants Unforgettable Coatings, Inc.; Unforgettable Coatings of Idaho, LLC; Unforgettable Coatings of Arizona, LLC; Unforgettable Coatings of Utah, Inc.; Shaun McMurray; Shane Sandall; Cory Summerhays; and Blue Ape Painting, LLC*

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

ANDREW SCHULTZ
Counsel for Wage and Hour

KATHRYN A. PANACCIONE
VICTORIA W. YEE
DAVID C. CLARK
Trial Attorneys

_____

CHARLES SONG
JESSICA FLORES
Senior Trial Attorneys

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*

Dated: _____

Dated: 1-14-2023

_____

CORY SUMMERHAYS
*Individually and as managing agent*
*for Defendants Unforgettable Coatings, Inc.;*
*Unforgettable Coatings of Idaho, LLC;*
*Unforgettable Coatings of Arizona, LLC;*
*Unforgettable Coatings of Utah, Inc.; and Blue*
*Ape Painting, LLC*

Dated: _____

_____

SHANE SANDALL
*Individually and as managing agent*
*for Defendant Unforgettable Coatings of*
*Arizona, LLC.*

Dated: _____

_____

SHAUN MCMURRY
*Individually and as managing agent*
*for Defendant Unforgettable Coatings of Utah,*
*Inc.*

Dated: _____

Dated: _____

_____
CORY SUMMERHAYS
*Individually and as managing agent*
*for Defendants Unforgettable Coatings, Inc.;*
*Unforgettable Coatings of Idaho, LLC;*
*Unforgettable Coatings of Arizona, LLC;*
*Unforgettable Coatings of Utah, Inc.; and Blue*
*Ape Painting, LLC*

Dated: _____

_____
SHANE SANDALL
*Individually and as managing agent*
*for Defendant Unforgettable Coatings of*
*Arizona, LLC.*

Dated: _____

_____
SHAUN MCMURRY
*Individually and as managing agent*
*for Defendant Unforgettable Coatings of Utah,*
*Inc.*

Dated: _1-13-23_____

Dated: _____

_____
CORY SUMMERHAYS
*Individually and as managing agent*
*for Defendants Unforgettable Coatings, Inc.;*
*Unforgettable Coatings of Idaho, LLC;*
*Unforgettable Coatings of Arizona, LLC;*
*Unforgettable Coatings of Utah, Inc.; and Blue*
*Ape Painting, LLC*

Dated: 1/12/2023 _____

_____
SHANE SANDALL
*Individually and as managing agent*
*for Defendant Unforgettable Coatings of*
*Arizona, LLC.*

Dated: _____

_____
SHAUN MCMURRY
*Individually and as managing agent*
*for Defendant Unforgettable Coatings of Utah,*
*Inc.*

Dated: _____

Justas De Trabajo.

Algunos empleados están exentos de horas extras si cumplen con los requisitos bajo "29 C.F.R Parte 541." Si tiene preguntas con respecto a su posición y si cumple con el requisito, llame al Departamento de Trabajo o consulte las regulaciones y exentos de la FLSA Parte 541.

La Ley De Normas Justas De Trabajo y la Orden emitida por el Tribunal Distrito de los Estados Unidos prohíben las represalias contra cualquier empleado que se queje sobre problemas con su pago o horas de trabajo o que coopere con el Departamento de Trabajo de los Estados Unidos. La Corte ha prohibido que Cory Summerhays, Shaun McMurray, Shane Sandall y Unforgettable Coatings, y cualquier persona que actúe en su nombre tomen represalias, amenacen con tomar represalias, intimiden o intenten influir o de alguna manera amenazar a los empleados o ex empleados de Unforgettable Coatings de cualquier manera por proporcionar información al Departamento de Trabajo de los Estados Unidos o quejarse o plantear preocupaciones con problemas relacionados con sus horas o salario. Esto también significa que Cory Summerhays, Shaun McMurray, Shane Sandall, Unforgettable Coatings y cualquier persona que actúe en su nombre no coaccionará, intimidará, amenazará, disciplinará, terminará o reducirá los salarios de ningún empleado que crean que ha reportado quejas o proporcionada información al Departamento de Trabajo de los Estados Unidos, o intentar disuadir las quejas hechas o las comunicaciones al Departamento de Trabajo de los Estados Unidos. Los demandados no instruirán ni pedirán a sus empleados que proporcionen información falsa al Departamento de Trabajo con respecto a los términos y condiciones de su empleo, incluidas, entre otras, las horas o los días trabajados.

## <u>LEGAL NOTICE TO ALL EMPLOYEES</u>

To resolve a lawsuit brought by the **United States Department of Labor**, the United States District Court entered an Order forbidding Unforgettable Coatings, Cory Summerhays, Shaun McMurray, and Shane Sandall from violating the overtime, recordkeeping, and anti-retaliation requirements of the Fair Labor Standards Act ("FLSA"). All employees who work in this establishment can help the employer to not violate the Court's Order.

**If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at 702-928-1260 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

Unforgettable Coatings, Cory Summerhays, Shaun McMurray, and Shane Sandall must pay back wages and liquidated damages as provided for in the Court's Order and to take other steps to ensure compliance with the FLSA law. The **FLSA** provides that all employees, including piece-rate employees, must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. To calculate the regular rate for piece rate employees, generally, take the total compensation for the week and divide it by the total hours you worked that week. Your right to overtime at your actual hourly rate cannot be waived by signing a contract to work for minimum wage or a fixed amount.

The FLSA also provides that you cannot perform the work you typically perform for your employer and not get paid because you "volunteered."

The law also provides that you must be paid for all hours worked, which includes the time you spend traveling out of town or out of state to work for your employer. The law protects you from incurring expenses (such as from traveling for work or purchasing tools) in a workweek that cut into the required minimum wage or overtime under the FLSA.

Some employees are exempt from overtime if they meet the "29 C.F.R. Part 541 requirements" under the FLSA. If you have questions regarding your position and if it meets these requirements, please call the Department of Labor or consult the FLSA Salary Basis Requirements and Part 541 Exemptions under the FLSA. The FLSA and the Order issued by the United States

40.     Violations of this Consent Judgment may subject Defendants to liability beyond this Consent Judgment including civil contempt.

Dated this _____ day of _____, 2022.

_____
HON. KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

JACKSON LEWIS P.C.

_____
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
*Attorney for Defendants Unforgettable Coatings, Inc.; Unforgettable Coatings of Idaho, LLC; Unforgettable Coatings of Arizona, LLC; Unforgettable Coatings of Utah, Inc.; Shaun McMurray; Shane Sandall; Cory Summerhays; and Blue Ape Painting, LLC*

Dated: __1/14/2023_____


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

_____
ANTHONY L. MARTIN, ESQ.
Nevada Bar No. 8177
10801 W. Charleston Blvd., Suite 500
Las Vegas, Nevada 89135

*Attorney for Defendants Unforgettable Coatings, Inc.; Unforgettable Coatings of Idaho, LLC; Unforgettable Coatings of Arizona, LLC; Unforgettable Coatings of Utah, Inc.; Shaun McMurray; Shane Sandall; Cory Summerhays; and Blue Ape Painting, LLC*

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

ANDREW SCHULTZ
Counsel for Wage and Hour

KATHRYN A. PANACCIONE
VICTORIA W. YEE
DAVID C. CLARK
Trial Attorneys

_____
CHARLES SONG
JESSICA FLORES
Senior Trial Attorneys

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*

Dated: __January 13, 2023_____

**EXHIBIT A**

**NOTICIA LEGAL A TODOS LOS EMPLEADOS**

Para resolver una demanda presentada por el Departamento de Trabajo, el Tribunal Distrito de los Estados Unidos emitió una Orden que prohíbe Unforgettable Coatings, Cory Summerhays, Shaun McMurray, y Shane Sandall de quebrar/violar los requisitos de las horas del sobre tiempo, el mantenimiento de registros, y los requisitos contra represalias de La Ley De Normas Justas De Trabajo ("FLSA"). Todos los empleados que trabajan en este establecimiento pueden ayudar al empleador a no quebrar/violar la Orden De la Corte.

**Si usted piensa que no le están pagando de acuerdo con la ley, llame al** Departamento de Trabajo de los Estados Unidos, División de Salarios y Horas, **a 702-928-1260 y su nombre se mantendrá confidencial.**

Unforgettable Coatings, Cory Summerhays, Shaun McMurray, y Shane Sandall deben pagar salarios atrasados y daños liquidados provisto en este juicio y tomar otras medidas para garantizar el complimiento de la Ley de Normas Justas de Trabajo.

La Ley De Normas Justas De Trabajo establece que, a todos los empleados, incluidos los empleados pagados por pieza o por contracto, se les debe tiempo y medio, a una tasa de tiempo y la mitad de su tarifa regular, por las horas que trabajan más de 40 en una semana laboral. Para calcular la tarifa regular para los empleados pagado por pieza, generalmente, tome la compensación total de la semana y divídala por el total de horas que trabajó esa semana. No se puede renunciar a su derecho a sobretiempo a su tarifa por hora real firmando un contrato para trabajar por un salario mínimo o una cantidad fija.

La Ley De Normas Justas De Trabajo también establece que no puede realizar el trabajo que normalmente realiza para su empleador y no se le paga porque se "ofreció como voluntario".

La ley también establece que se le debe pagar por todas las horas trabajadas, lo que incluye el tiempo que pasa viajando fuera de la ciudad o fuera del estado para trabajar para su empleador. La ley lo protege de incurrir en gastos (como viajar por trabajo o comprar herramientas) en una semana laboral que reduce el salario mínimo requerido o las horas extras bajo la Ley De Normas

Justas De Trabajo.

Algunos empleados están exentos de horas extras si cumplen con los requisitos bajo "29 C.F.R Parte 541." Si tiene preguntas con respecto a su posición y si cumple con el requisito, llame al Departamento de Trabajo o consulte las regulaciones y exentos de la FLSA Parte 541.

La Ley De Normas Justas De Trabajo y la Orden emitida por el Tribunal Distrito de los Estados Unidos prohíben las represalias contra cualquier empleado que se queje sobre problemas con su pago o horas de trabajo o que coopere con el Departamento de Trabajo de los Estados Unidos. La Corte ha prohibido que Cory Summerhays, Shaun McMurray, Shane Sandall y Unforgettable Coatings, y cualquier persona que actúe en su nombre tomen represalias, amenacen con tomar represalias, intimiden o intenten influir o de alguna manera amenazar a los empleados o ex empleados de Unforgettable Coatings de cualquier manera por proporcionar información al Departamento de Trabajo de los Estados Unidos o quejarse o plantear preocupaciones con problemas relacionados con sus horas o salario. Esto también significa que Cory Summerhays, Shaun McMurray, Shane Sandall, Unforgettable Coatings y cualquier persona que actúe en su nombre no coaccionará, intimidará, amenazará, disciplinará, terminará o reducirá los salarios de ningún empleado que crean que ha reportado quejas o proporcionada información al Departamento de Trabajo de los Estados Unidos, o intentar disuadir las quejas hechas o las comunicaciones al Departamento de Trabajo de los Estados Unidos. Los demandados no instruirán ni pedirán a sus empleados que proporcionen información falsa al Departamento de Trabajo con respecto a los términos y condiciones de su empleo, incluidas, entre otras, las horas o los días trabajados.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## LEGAL NOTICE TO ALL EMPLOYEES

To resolve a lawsuit brought by the **United States Department of Labor**, the United States District Court entered an Order forbidding Unforgettable Coatings, Cory Summerhays, Shaun McMurray, and Shane Sandall from violating the overtime, recordkeeping, and anti-retaliation requirements of the Fair Labor Standards Act ("FLSA"). All employees who work in this establishment can help the employer to not violate the Court's Order.

**If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at 702-928-1260 or 1-866-4-USWAGE (1-866-487-9243), and your name will be kept confidential.**

Unforgettable Coatings, Cory Summerhays, Shaun McMurray, and Shane Sandall must pay back wages and liquidated damages as provided for in the Court's Order and to take other steps to ensure compliance with the FLSA law. The **FLSA** provides that all employees, including piece-rate employees, must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. To calculate the regular rate for piece rate employees, generally, take the total compensation for the week and divide it by the total hours you worked that week. Your right to overtime at your actual hourly rate cannot be waived by signing a contract to work for minimum wage or a fixed amount.

The FLSA also provides that you cannot perform the work you typically perform for your employer and not get paid because you "volunteered."

The law also provides that you must be paid for all hours worked, which includes the time you spend traveling out of town or out of state to work for your employer. The law protects you from incurring expenses (such as from traveling for work or purchasing tools) in a workweek that cut into the required minimum wage or overtime under the FLSA.

Some employees are exempt from overtime if they meet the "29 C.F.R. Part 541 requirements" under the FLSA. If you have questions regarding your position and if it meets these requirements, please call the Department of Labor or consult the FLSA Salary Basis Requirements and Part 541 Exemptions under the FLSA. The FLSA and the Order issued by the United States

District Court prohibit retaliation against any employees who complain or raise concerns about issues with their pay or work hours or who cooperate with the U.S. Department of Labor. The Court has prohibited Cory Summerhays, Shaun McMurray, Shane Sandall, and Unforgettable Coatings, and anyone acting on their behalf from retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening the employees or former employees of Unforgettable Coatings in any way for providing information to the U.S. Department of Labor or complaining about or raising concerns with issues involving their hours or pay. This also means that Cory Summerhays, Shaun McMurray, Shane Sandall, Unforgettable Coatings, and anyone acting on their behalf shall not coerce, intimidate, threaten, discipline, terminate, or reduce the wages of any employees whom they believe have reported complaints or provided information to the U.S. Department of Labor, or attempt to deter complaints made, or communications to, the U.S. Department of Labor. Defendants shall not instruct or ask their employees to provide false information to the Department of Labor concerning the terms and conditions of their employment, including but not limited to hours or days worked.